

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,635-01

### EX PARTE CHRISTOPHER EUGENE GATSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 10573JD-HC-1 IN THE 1ST DISTRICT COURT
### FROM JASPER COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to twenty years' imprisonment. The Ninth Court of Appeals affirmed his conviction. *Gatson v. State*, No. 09-12-00491-CR (Tex. App.—Beaumont Jan. 8, 2014) (not designated for publication).

Applicant contends that trial and appellate counsel rendered ineffective assistance. On February 25, 2015, we remanded this application, ordered counsel to respond, and directed the trial

court to make findings of fact and conclusions of law. On remand, counsel filed a sworn affidavit, and the trial court made findings of fact and concluded that counsel was not deficient. We believe that the record is not adequate to resolve Applicant's claims.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Smith v. Robbins*, 528 U.S. 259 (2000); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order counsel to respond and state whether he filed a motion for speedy trial, he objected to the admission of the complainant's written statement on confrontation clause grounds, and he investigated alleged alibi witnesses, such as Applicant's girlfriend and Derrick Seastruck's girlfriend. Counsel shall also state his reasons, if any, for these decisions. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether counsel denied Applicant his right to a speedy trial. *See Barker v. Wingo*, 407 U.S. 514 (1972). The trial court shall also determine whether counsel "opened the door" to the admission of the complainant's written statement and failed to object to its admission on confrontation clause grounds. *See Crawford v. Washington*, 541 U.S. 36 (2004). Finally, the trial court shall determine whether counsel was ineffective for not investigating and interviewing Applicant's alleged alibi witnesses. The trial court shall also make any other findings of fact and conclusions of law that it deems

relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: November 4, 2015
Do not publish